J-S11007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK SHELDON WALTER | : | |
| | : | |
| Appellant | : | No. 608 WDA 2021 |

Appeal from the PCRA Order Entered April 23, 2021
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0001011-2003

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED: JUNE 14, 2022**

Frederick Sheldon Walter appeals from the order entered in the Venango County Court of Common Pleas on April 23, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 as untimely. Because we agree Walter's petition was untimely filed, we affirm.

Walter was first tried by jury trial in September 2004 based on allegations he sexually abused his minor stepdaughter.[1] Following the receipt of evidence, a mistrial was declared due to jury deadlock. After the Commonwealth indicated its intent to retry the case, Walter filed a motion to

---

[1] Notably, at the first trial, the victim testified she fabricated the accusations against Walter. The prosecution impeached this testimony with transcripts from the preliminary hearing as well as two prior interviews with police.

dismiss based on double jeopardy grounds. After a hearing, the trial court denied relief. On appeal, this Court affirmed.

The case was subsequently retried in March 2007, after which a second jury found Walter guilty of involuntary deviate sexual intercourse, aggravated indecent assault, criminal attempt to commit aggravated indecent assault, corruption of minors, and two counts of indecent assault. On July 23, 2007, the trial court sentenced Walter to an aggregate term of eleven and one-half to twenty-four years' imprisonment.

Walter filed his first *pro se* PCRA petition in July 2008. Counsel was appointed and filed an amended petition, raising claims of ineffective assistance of trial counsel. The PCRA court dismissed the petition. On appeal, we affirmed the dismissal.

In September 2018, Walter filed his second *pro se* PCRA petition. The PCRA court dismissed the petition without a hearing, finding the petition was untimely filed. We again affirmed the dismissal.

On March 6, 2020, Walter filed a third *pro se* PCRA petition, which underlies the present appeal. Now, Walter claims eligibility for relief based on "Recantation Newly Discovered Evidence." PCRA Petition, 3/6/2020, at 2. In support of an exception to the PCRA time-bar, Walter attached an affidavit authored by the victim, who is now an adult, in which she recants her trial testimony and asserts her testimony was the result of prosecutorial misconduct. On October 13, 2020, the PCRA court issued notice of its intent

to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. However, on the same date the court also filed an order dismissing the petition. Two weeks later, the court issued an order giving Walter 20 days to respond to the Rule 907 notice.[2] Walter timely filed a counseled response. The PCRA Court subsequently dismissed the petition without a hearing. This timely appeal followed.

Prior to reaching the merits of Walter's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

---

[2] In the order, the court noted it had received correspondence from Walter's son, indicating the two prior orders had been sent improperly to him instead of Walter himself. **See** Order, 10/26/2020. The court reviewed the record and agreed that the orders were not properly mailed to Walter. **See id**.

It does not appear from the record that Walter filed any post-sentence motions or a direct appeal. Therefore, Walter's judgment of sentence would have been final on August 22, 2007, when his time for seeking direct review with this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). The instant petition – filed more than a decade later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Walter's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also**

Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> [a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).[3]

Even liberally construed, Walter has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. Walter asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, based on an affidavit he submitted from the victim,[4] in which she recants her trial testimony and claims her testimony was coerced by the prosecutor.

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have

_____

[3] While Walter is represented by counsel on appeal, he filed his PCRA petition *pro se*, and no counseled amended petition was filed on his behalf. Therefore, we look to the *pro se* PCRA petition to determine whether Walter has met his burden to plead and prove an exception to the PCRA time-bar.

[4] We note that the affidavit does not appear in the certified record. However, the PCRA petition does state that the affidavit was attached upon filing. Further, Walter included the affidavit as an attachment to his appellate brief. As the existence of the affidavit, and the claims made in it, are undisputed, we do not find its absence from the certified record hampers our review.

ascertained those facts by the exercise of "due diligence." **See Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Here, Walter filed his petition soon after learning of the victim's affidavit. However, the affidavit itself is not a "new fact." **See Commonwealth v. Maxwell**, 232 A.3d 739, 745-46 (Pa. Super. 2020). The actual "fact" for purposes of Section 9545(b)(1)(ii) is that the victim recants her trial testimony, and that the prosecutor coerced her to testify against Walter.

It is clear from a review of the record that the new affidavit is merely a new conduit for issues previously litigated by Walter. The victim's recantation and the underlying assertion of prosecutorial misconduct are not "new facts" to Walter, as the victim attempted to recant her accusations during the litigation process and Walter previously raised these exact claims in his motion to dismiss filed prior to his second trial. In his appeal from the trial court's dismissal of his motion to dismiss, Walter specifically raised numerous instances of prosecutorial misconduct, including that the prosecutor met with

the victim prior to the preliminary hearing and (1) threatened her with placement if she did not testify consistent with her original accusations, (2) intimidated her by telling her she would go to hell if she lied, and (3) intimidated her by telling her she could be sent to jail for lying on the witness stand. Notably, the victim's affidavit does not include any new claims in addition to these previously litigated claims.

Walter admits he has raised these claims before but argues the issue could never be fully explored due to the victim's age, mental state, and the alleged prosecutorial misconduct of threats and coercion upon the victim. As stated above, the "fact" that another witness is willing to testify to previously known facts does not satisfy the newly discovered fact exception to the PCRA's time-bar. **See Maxwell**, 232 A.3d at 746. Therefore, it is certainly the case that the same witness being willing to testify to previously known facts will not satisfy the exception.[5]

As Walter's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.

_____

[5] To the extent Walter attempts to rely on cases in which we found prosecutorial misconduct by the same prosecutor, leading to the prosecutor being disbarred, **see** Appellant's Brief, at 13-14, they also merely provide a new source for a previously known fact. Nor does the fact that the prosecutor was found to have engaged in prosecutorial misconduct in another case automatically prove that his conduct in this case requires a new trial.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/14/2022</u>